IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHANIE MESSELT,

      **Plaintiff,**

v.                                              Civil Action No. 3:21-cv-360

**CAPITAL ONE BANK (USA), N.A.,**

      **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephanie Messelt ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Plaintiff has suffered very harms that the TCPA was created to address, including disturbing her quiet enjoyment, peace and tranquility, creating a nuisance, invading her privacy-intrusion upon seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

5. Defendant is at home and transacts business in this District and Division, thus personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the State of Minnesota.

7. Defendant is a banking institution engaged in the business of issuing credit cards, with a principal place of business located in Richmond, Virginia, and a physical locations throughout Virginia. Defendant can be served with process at its registered agent Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 22219.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. The COVID-19 pandemic resulted in Plaintiff experiencing a reduction in income, which forced Plaintiff to choose between making payments on her Capital One accounts or pay for her household necessities.

10. As a result of her financial struggles, Plaintiff was unable to keep up with all her monthly obligations, specifically her Capital One accounts.

11. Upon information and belief, after Plaintiff fell behind on her Capital One account, her interest rates increased and late payments were added to her account balances, making it even more difficult to make the monthly payments.

12. In or around January of 2020, Defendant began calling Plaintiff's cellular phone number ending in 8177, in an attempt to collect an alleged debt, using a system that has the capacity

to store telephone numbers and generate the numbers in a random or sequential order.

13. Upon information and belief, Defendant was contacting Plaintiff as part of a collection campaign targeting Plaintiff and other consumers suffering financial challenges.

14. Upon information and belief, Defendant's system would randomly select numbers, including Plaintiff's, from a pre-programmed list of numbers, and then call them in sequential order.

15. The calls placed by Defendant originated from the following number(s): (800) 955-6600, (800) 435-1415, and (800) 388-5333.

16. On or about October 24, 2020 at 4:08 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 955-6600.

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Capital One account.

18. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

19. Defendant's calls continued nearly every day until June 24, 2020.

20. Between October 24, 2020 and April 1, 2021 Defendant called Plaintiff no less than eighty-eight (88) times. Out of the eight-eight (88) phone calls, Plaintiff received no less than fifty-five (55) prerecorded messages on her cellular telephone.

21. Upon information and belief, Defendant called Plaintiff's family and/or friends to embarrass her and induce her to make a payment on the Account.

22. Defendant's daily calls to Plaintiff's cellular phone were a constant reminder of her

financial situation, exacerbating Plaintiff's stress and anxiety.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

24. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-three (23) as though set forth at length herein.

25. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

26. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully

violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

27. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of Defendant's violations, Plaintiff suffered invasion of her privacy, intrusion upon her seclusion, her right to quiet enjoyment and peace was disturbed.

29. Plaintiff suffered emotional distress, mental and physical injuries as a result of emotional distress caused by Defendant's incessant harassment by unwanted, auto-dialed telephone calls and prerecorded messages against Plaintiff's express revocation of consent and instructions to not call.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Stephanie Messelt, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A., for the following:

   A. Declaratory judgment that Defendant violated the TCPA;

   B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

      227(b)(3)(C);

C.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D.     Any other relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**STEPHANIE MESSELT**

_/s/_
Susan Mary Rotkis, VSB 40693
Attorney for Plaintiff
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ 85701
T: (818) 600-5506
F: (818) 600-5406
E: susan@pricelawgroup.com